UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELLA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 2751 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| UNITED AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Ella Brown brought this *pro se* suit against her employer, United Airlines, Inc., alleging wrongful termination, retaliation, and harassment based on race and sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and based on race under 42 U.S.C. § 1981. Doc. 1. United has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint. Doc. 12. The motion is granted in part and denied in part.

**Background**

On a Rule 12(b)(6) motion, the court must accept as true the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in Brown's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Brown's brief opposing dismissal, so long as those additional facts are "consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to

1

Brown as those materials permit. *See Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014).

Brown started work as a ramp service agent at United in June 2005. Doc. 1 at 7. After complaining to United in December 2012 about race and sex discrimination, Brown was harassed and given more difficult work assignments, and eventually was fired on March 2, 2013. *Id*. at 5, 7. United reinstated her on April 4, 2013, but the harassment continued after she returned. *Id*. at 5.

On December 17, 2014, Brown filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") complaining only of sex discrimination and retaliation. *Id*. at 7. The narrative portion of the charge alleges that after she complained to management, she "was harassed and subjected to different terms and conditions of employment, including, but not limited to, being discharged and being given more difficult work assignments." *Ibid*. The EEOC issued Brown a right-to-sue letter on December 30, 2014. *Id*. at 8. Brown filed this suit on March 30, 2015. Doc. 1.

**Discussion**

United seeks dismissal on the ground that Brown failed to file her EEOC charge within 300 days of her March 2013 termination and also because the charge does not allege race discrimination. Doc. 14 at 4-8. A plaintiff in Illinois who wishes to bring a Title VII claim in federal court must first file an administrative charge with the EEOC within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e); *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014); *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999); *Lorance v. AT&T Techs., Inc.*, 827 F.2d 163, 165 (7th Cir. 1987), *aff'd*, 490 U.S. 900 (1989). Failure to file a charge within that

time renders the claim untimely. *See Hentosh*, 167 F.3d at 1174. The plaintiff must present in the EEOC charge any claim she later wants to pursue in federal court. *See McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) ("Generally, a Title VII plaintiff may bring only those claims that were included in her EEOC charge …."). This exhaustion rule "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employe[r] some warning of the conduct about which the employee is aggrieved." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citation omitted).

When discriminatory conduct occurs outside of the 300-day limitations period, a Title VII plaintiff may still proceed in court if she is entitled to equitable tolling, *see Hentosh*, 167 F.3d at 1174 ("The timely filing of an EEOC charge is not a jurisdictional prerequisite to filing a federal lawsuit, but rather, is more akin to a statute of limitations and subject to waiver, estoppel, and equitable tolling under appropriate circumstances."), or if, under the continuing violation theory, the alleged conduct has a sufficient connection to a discriminatory act that took place within the limitations period, *see Place v. Abbott Labs.*, 215 F.3d 803, 807 (7th Cir. 2000). Brown filed her EEOC charge 655 days after her March 2013 termination. It follows that her charge is untimely as to her termination—as well as to any retaliation or other unequal treatment outside of the 300-day period preceding her charge—unless she can invoke the equitable tolling or continuing violation doctrines.

The Seventh Circuit recognizes three circumstances where equitable tolling might be available:

> In discrimination cases[,] equitable tolling extends filing deadlines in only three circumstances: when a plaintiff exercising due diligence cannot within the statutory period obtain the information necessary to realize that she has a claim; when a plaintiff makes a good-faith error such as timely filing in the

>wrong court; or when the defendant prevents a plaintiff from filing within the statutory period.

*Porter v. New Age Servs. Corp.*, 463 F. App'x 582, 584 (7th Cir. 2012) (citations omitted); *see also Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001) (describing the third circumstance as equitable estoppel rather than equitable tolling). Brown does not assert that she was unaware of her Title VII claim at the time of her termination or that her employer prevented her from timely filing.

As for "good-faith error," Brown says that she believed that "she needed to wait until the conclusion of Workers Compensation settlement before it was clear when she was actually terminated from her job as ramp service agent." Doc. 16 at 1. This excuse is unavailing. The Supreme Court has held that "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980); *see also Vaught v. R.R. Donnelley & Sons Co.*, 745 F.2d 407, 412 (7th Cir. 1984); *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1179 (10th Cir. 2011); *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1009 (9th Cir. 2011); *Currier v. Radio Free Eur./Radio Liberty, Inc.*, 159 F.3d 1363, 1368 (D.C. Cir. 1998). To the extent Brown is saying that she did not know that she could file her EEOC charge before the workers compensation matter concluded, her ignorance of the law does not excuse her untimely filing. As the Seventh Circuit has held, "reasonable mistakes of law are not a basis for equitable tolling," even if the plaintiff is *pro se*. *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004); *see also Schmidt v. Wis. Div. of Vocational Rehab.*, 502 F. App'x 612, 614 (7th Cir. 2013) ("[A]lthough Schmidt did not have legal representation, mistakes of law (even by plaintiffs proceeding pro se) generally do not excuse compliance with deadlines or warrant tolling a statute of limitations."). For these reasons, Brown is not entitled to equitable tolling. *See Grzanecki v.*

4

*Bravo Cucina Italiana*, 408 F. App'x 993, 995-96 (7th Cir. 2011) (rejecting equitable tolling and dismissing a *pro se* employment discrimination suit because the federal rules clearly delineated how to count weekends and holidays and "neither the court nor any of the defendants had misled [the plaintiff] into filing late").

Nor is Brown entitled to benefit from the continuing violation doctrine. A continuing violation is "one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period." *Dasgupta v. Univ. of Wis. Bd. of Regents*, 121 F.3d 1138, 1139 (7th Cir. 1997). The Seventh Circuit recognizes three types of continuing violations:

> where the exact day of the violation is difficult to pinpoint because the employer's decisionmaking process takes place over a period of time; where the employer has a systematic, openly espoused policy alleged to be discriminatory; and where the employer's discriminatory conduct is so covert that its discriminatory character is not immediately apparent.

*Place*, 215 F.3d at 808. Brown's March 2013 termination was a discrete and significant act, so the termination claim cannot be saved by the continuing violation doctrine. *See ibid*. (holding that "being fired … is a single, significant event, not a continuing act").

As for the harassment that Brown allegedly suffered outside the 300-day limitations period, she might have attempted to invoke the continuing violation doctrine in an effort to save that portion of her harassment claim. Brown's response brief makes no such argument, however, which results in a forfeiture. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted); *Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012) ("[T]he forfeiture

5

doctrine applies not only to a litigant's failure to raise a general argument … but also to a litigant's failure to advance a specific point in support of a general argument …."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted).

For these reasons, Brown's Title VII claims are dismissed to the extent they pertain to conduct that occurred outside the 300-day window preceding the filing of her EEOC charge. *See Porter*, 463 F. App'x at 584-85 (affirming summary judgment for the defendant where the ADA plaintiff filed her EEOC charge one month too late and failed to demonstrate an entitlement to equitable tolling); *Stepney v. Naperville Sch. Dist., 203*, 392 F.3d 236, 241 (7th Cir. 2004) ("Stepney's EEOC charge, filed more than 600 days after the accrual of his claims, was untimely and that untimeliness bars the present action."); *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 892-93 (7th Cir. 2001) ("[t]he district court correctly found that these claims were barred by the Title VII statute of limitations" where the plaintiff's "complaint to the EEOC was filed more than 300 days" after the plaintiff should have known of the alleged discrimination). Brown's Title VII claims also are dismissed to the extent they allege race discrimination or retaliation due to her complaining about race discrimination, as her EEOC charge alleges only sex discrimination and retaliation, saying nothing about race. *See Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527-28 (7th Cir. 2003) (holding that the plaintiff could not proceed with an age discrimination claim where the EEOC charge alleged only national origin discrimination); *Massenberg v. A & R Sec. Servs., Inc.*, 2011 WL 1792735, at *4 (N.D. Ill. May 11, 2011) (dismissing Title VII claims based on sex because the plaintiff's EEOC charge

6

did "not include any specific factual allegations related to sexual harassment or discrimination"); *Zubek v. City of Chicago*, 2006 WL 1843396, at *3 (N.D. Ill. July 5, 2006) (precluding the plaintiff from raising claims based on race or national origin discrimination where, "[e]ven construing Plaintiff's EEOC charge liberally, it focuses exclusively on religious discrimination").

Being grounded in failure to exhaust, the dismissal is without prejudice. The Seventh Circuit has explained that "the proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice, thereby leaving the plaintiff free to refile his suit when and if he exhausts all of his administrative remedies or drops the unexhausted claims." *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989); *see also Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 410 n.11 (7th Cir. 1989). This principle applies to dismissals for failure to bring an employment discrimination claim in an EEOC charge; such dismissals are without prejudice to the plaintiff pursuing her claim in federal court upon properly exhausting the unexhausted claims, subject of course to the statute of limitations and any other applicable defenses. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) ("Because Teal failed to exhaust administrative remedies, her complaint must be dismissed without prejudice."). That said, "[t]he determination that [Brown] had failed to exhaust [her] administrative remedies [is] … preclusive with respect to an attempt by [her] to relitigate the question whether [she] had exhausted his administrative remedies before filing [this] … suit." *Hill v. Potter*, 352 F.3d 1142, 1146 (7th Cir. 2003). Moreover, because the time for Brown to exhaust clearly has expired, there is no practical distinction between a dismissal without prejudice and a dismissal with prejudice.

The timing and content of Brown's EEOC charge do not impact her Title VII claims to the extent they pertain to sex discrimination and retaliation occurring during the 300-day period

7

preceding her EEOC charge. The same holds for Brown's § 1981 race discrimination and retaliation claims, as § 1981 claims need not be exhausted with an EEOC charge. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 732 (7th Cir. 2004). This leads to United's final argument, which is that even putting aside exhaustion, Brown has failed to allege any facts to support her discrimination and retaliation claims. Doc. 14 at 8.

To survive a Rule 12(b)(6) motion, a complaint "must contain 'enough facts to state a claim to relief that is plausible on its face' and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ibid.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Seventh Circuit has made clear that neither *Twombly* nor *Iqbal* "cast doubt on the validity of Rule 8 of the Federal Rules of Civil Procedure," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010), which provides in relevant part that "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Exactly what "a short and plain statement" must contain to clear the plausibility threshold varies from case to case. As the Seventh Circuit explained in *Swanson*, "[a] more complex case involving financial derivatives … or antitrust violations will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." 614 F.3d at 405. In a more "straightforward" case involving discrimination, by contrast, "[a] plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X,

that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else. That is an entirely plausible scenario, whether or not it describes what 'really' went on in this plaintiff's case." *Id*. at 404-05.

Brown has pleaded facts sufficient to satisfy this standard. She alleges that she was harassed and given more difficult work assignments in retaliation for complaining about discrimination at work and that the harassment continued even after United reinstated her. Doc. 1 at 5, 7. That is enough to survive a Rule 12(b)(6) motion. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("[Plaintiff] alleged which positions she sought and was denied, and she attributed the denial to sex discrimination, satisfying the standard applied in *Swanson* …."); *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013).

## Conclusion

For the foregoing reasons, United's motion to dismiss is granted in part and denied in part. Brown's Title VII claims are dismissed without prejudice to the extent they allege race discrimination and retaliation due to complaining about race discrimination, and also to the extent they allege conduct more than 300 days prior to the December 17, 2014 filing of her EEOC charge. The motion to dismiss is denied as to Brown's § 1981 race discrimination and retaliation claim, and also as to her Title VII claim to the extent it alleges sex discrimination and retaliation due to complaining about sex discrimination within the 300-day window preceding her EEOC charge. United shall answer the surviving portions of the complaint by September 16, 2015.

September 2, 2015

United States District Judge

9